UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | | |
|---|---|---|
| JAMES HELLWIG, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. # _____ |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT AND DEMAND** |
| BNSF RAILWAY COMPANY, | ) | **FOR JURY TRIAL** |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, James Hellwig, for his claims and causes of action against the above-named Defendant, BNSF Railway Company, a Delaware Corporation, alleges and states as follows:

COUNT I

1. That at all times material, Plaintiff has lived and continues to live in the City of Buffalo, in the State of Wyoming.

2. That at all times material, Defendant BNSF Railway Company was and is a corporation organized and existing under the laws of the State of Delaware, was and is engaged as a common carrier of freight for hire in interstate commerce, and was operating an interstate system of railroads in and through the several states, including the State of Wyoming.

3. That the Court has jurisdiction over this action pursuant to 28 USC 1331, as the claim arises under a law of the United States. The jurisdiction of this Court is founded upon Title 45, Sections 1-60 of the United States Code, the Federal Employers' Liability Act (FELA), 45 U.S.C. §§51-60 (2006). This action is timely commenced within the meaning

of 45 U.S.C. § 56.

4. Venue is proper in this Court pursuant to 28 U.S.C. 1391(a) because a substantial part of the events and omission giving rise to this action occurred in this District.

5. That at all times material, Plaintiff was employed by Defendant BNSF as a conductor. As such, Plaintiff worked and engaged in interstate transportation and commerce at the time of the incident, and all or part of his duties were in furtherance of Defendant's business of interstate commerce.

6. On October 24, 2018, Plaintiff was engaged in the course and scope of his employment working as a Conductor when he suffered severe personal injuries from a fire in the locomotive cab caused by a defective panel.

7. As a result of the chemical fire in the cab, Plaintiff suffered serious injuries to his lungs due to the improperly maintained and unsafe workplace.

8. That the injuries sustained by Plaintiff and the damages resulting therefrom were caused, in whole or in part, by the negligence of Defendant BNSF, its agents, employees, and officers in violation of the FELA. To wit, Defendant BNSF was negligent:

   a. in failing to provide Plaintiff with a reasonably safe place to work as required by law;

   b. in failing and neglecting to provide Plaintiff and his co-workers with safe and proper equipment to do said work;

   c. in failing and neglecting to properly inspect, maintain, and repair the locomotive;

   d. in failing and neglecting to properly warn Plaintiff of the unsafe conditions that confronted him;

   e. in failing and neglecting to adopt, install, implement, and/or enforce safe methods, procedures, customs, and practices; and

   f. in negligently creating and/or permitting dangerous and hazardous conditions to exist

on its locomotive, where plaintiff was required to work.

9. Defendant, by and through its agents and employees, was negligent and careless, and that these actions violated the Federal Employers' Liability Act, the Locomotive Inspection Act, Federal Railway Administration Regulations, and other safety statutes and regulations enacted pursuant to law for the protection of Railway employees, and that said actions and/or omissions were a cause of Plaintiffs injuries.

10. As a result of Defendant's conduct, and that of its agents and employees, Plaintiff received the injuries indicated above with resultant disability, pain, suffering and anxiety, all of which are a continuing and permanent condition, together with diminution of his earning capacity and partial loss of his enjoyment of life to his general damages in an amount yet to be determined.

11. As a result of Defendant's conduct, and that of its agents and employees, Plaintiff has incurred wage loss and medical expenses, which are continuing in nature together with other special losses to his additional damage in an amount yet to be determined.

WHEREFORE, Plaintiff respectfully prays for damages against the Defendant as follows:

(1) For Plaintiff's compensatory, general and special damages in an amount the jury deems just and proper under the circumstances;

(2) For Plaintiff's costs and disbursements herein;

(3) For pre-judgment and post-judgment interest; and

(4) For such other and further relief as the Court determines to be just and proper.

Dated: October 15, 2021

        Sean Scoggin
        McKellar, Tiedeken and Scoggin
        P.O. Box 748
        Cheyenne, WY 82003-0748
        307-637-5575
        sscoggin@mtslaw.net

and

By: /s/Fredric A. Bremseth
BREMSETH LAW FIRM, P.C.
Fredric A. Bremseth
601 Carlson Parkway, Suite 995
Minnetonka, Minnesota 55305
(952) 475-2800
fbremseth@bremseth.com

ATTORNEYS FOR PLAINTIFF

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands trial by jury on all issues so triable.

        *Fredric A. Bremseth*
        Fredric A. Bremseth